# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BRYAN HENNING,**

                **Plaintiff,**

**-vs-**                                                   **Case No. 6:15-cv-1518-Orl-CEM-DAB**

**OFFICER JENNIFER WING, OFFICER A.
CLARKE, CITY OF ORLANDO, AND
JOHNSON'S WRECKER SERVICE, INC; ,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **APPLICATION TO PROCEED AS A PAUPER (Doc. No. 2)**
>
> **FILED:**     **September 15, 2015**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

The United States Congress has required that the district court review a civil complaint filed *in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language applies to all proceedings *in forma pauperis*. The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue: or
> (B) the action or appeal –
> (i) is frivolous or malicious;

>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (1996) (formerly § 1915(d)).  Because the Application at issue here includes allegations of poverty that are untrue, within the meaning of this provision, it is **respectfully recommended** that the Application/motion be **denied**, as set forth herein.

*The Filings*

This *pro se* Plaintiff is no stranger to this Court and has recently filed several suits, all claiming that he was victimized in some fashion while merely minding his own business.[1] The instant Complaint purports to arise out of an arrest for resisting an officer without violence.

According to the allegations of the Complaint, Mr. Henning arrived at a public park in his Van and "unloaded his bicycle and bicycled around the park trails and lakefront for some time" before returning to his Van (Doc. 1, ¶¶18-20).  Mr. Henning alleges he was in his Van when two police officers approached the vehicle and "attempted to break in" and "did break and enter the Van" (¶¶10, 14, 22-25).  According to Plaintiff, the officers opened the door and "began unlawfully searching the Van without a warrant or probable cause" (¶ 26).  Plaintiff "demanded that the Officer's [sic] get out of his vehicle but they refused to do so" and instead, they "ordered Mr. Henning to get out of the Van." (¶ ¶ 27-28).  Henning alleges he was "frisked several times unnecessarily" and was arrested on the charge of resisting an officer without violence (¶ ¶ 33-35).

According to Plaintiff, after his arrest, the officers searched the Van and "confiscated and impounded *dozens of items of Mr. Henning's chattel property including but not limited to: cameras, lenses, computer items, and other items*, thereby depriving Mr. Henning of both their possession and use for up to 90 days" (¶37- emphasis added).  The Van was towed and impounded, and Henning was

---

[1] *See Henning v. Bennet,* 6:15-cv-00881-JA-KRS; *Henning v. McDonald's Corporation et al*, 6:15-cv-00830-ACC-DAB; *Henning v. Day, et al;* 6: 15-cv-927-PGB-DAB; *Henning v. Harrel et al.,* 6:15-cv-01520-PGB-KRS; and *Henning v. Realin et al.,* 6:15-cv-1519-PGB-KRS.

held overnight in the Orange County Jail and released after a hearing. The Complaint alleges that the charges "were unconditionally dropped by the District Attorney on January 8, 2013 by no information notice, and no plea bargaining was involved" (¶¶ 38-41). Plaintiff sues the Officers for malicious prosecution, illegal detention, false arrest, "unlawful frisk," and unlawful search, all pursuant to 42 U.S.C. §1983 (Counts 1-3, 5-6); as well as false imprisonment pursuant to state law (Count 4). He sues the Officers and the towing company for unlawful seizure of his Van, pursuant to 42 U.S.C. §1983 (Count 7), and for conversion and/or trespass to chattels under state law (Count 8). He sues the City of Orlando for municipal deprivation of civil rights pursuant to 42 U.S.C. §1983 (Count 9).

As part of his claims for unlawful seizure and conversion and trespass, Plaintiff alleges:

> 108. Mr. Henning has suffered injury to his dignity and is entitled to at least nominal damages. In addition Wing, Clarke, and JWS should justly be made to pay the full value of the Van and all the property within it and/or the rental price for the property during the period it was out of Mr. Henning's possession as damages in the amount of $4,000.00.

(Doc. 1, ¶ 108).

> 114. As a direct and proximate result of Wing, Clarke and JWS's conversion of Mr. Henning's property, Mr. Henning was damaged to the extent of the value of the property estimated at the time to be worth $4,000.00.

(Doc. 1, ¶114).

*The applications*

In support of his motion to proceed as a pauper, Plaintiff files two documents: 1) an Application to Proceed in District Court without Prepaying Fees or Costs ("the Application"), in which he "declares under penalty of perjury that the information [provided] is true" (Doc. 2, p. 1); and 2) an Affidavit of Indigency ("the Affidavit"), completed under oath, which includes an averment that "I have not, for the purposes of avoiding payment of said cost, divested myself of any property,

monies, or any items of value." (Doc. 2-1, p. 6).  Both documents purport to have been completed by Plaintiff and executed on the same date:  September 15, 2015.

In the Application, Plaintiff was asked to estimate the amount of money received from each of the following sources during the past 12 months: employment, self-employment, income from real property, interest and dividends, gifts, alimony, child support, retirement, disability, unemployment payments, public assistance, and "other."  For **each and every** source, Plaintiff wrote "$ 0.00" for a total monthly income from *all* sources of "--.00." (Doc. 2). Despite no source of income from any source over the past 12 months, Plaintiff claims to have $264.00 in cash and $234.22 in a checking account.  Moreover, he estimates he pays $249.00 in "monthly expenses," which he avers includes $140 paid monthly for "alimony, maintenance, and support paid to others." Clearly, the representations made regarding his income sources and expenses cannot both be true.[2]

The Court finds reason to reject other representations, as incredible. Despite allegations in the Complaint that he owned "dozens of items" including cameras, lenses, computer items, and the Van itself, in the Application, Plaintiff lists only the Chevy 1993 Van which he values at $450.00; "cameras" with a value of $125.00; and "guitars" with a value of $125.00.  The $700 combined value he asserts for pauper purposes is a far cry from the claimed value of $4,000.00 he alleges in the Complaint.[3]  Although the Application does not list the "dozens" of allegedly valuable items Plaintiff claimed to own (indeed, the computer items are not listed at all), the lack of specificity in the Application and the passage of time precludes a definitive finding that this particular representation is knowingly false, as opposed to simply not credible. For the above reasons, the Court finds the

---

[2] Elsewhere in the Application, Plaintiff notes that: "I do receive the residual of a student loan disbursement, which is meant to cover my expenses."  This vague averment (which does not provide any dollar amount) is contradicted by his express denial of receiving income from *any* source, including "other."

[3] For present purposes, the Court need not address the inherent inconsistency of suing for the value of items that were apparently returned.

representations in the Application to be incomplete and misleading, at best, and, therefore, "untrue" within the meaning of the pauper statute.

As for the Affidavit, it, too, is impermissibly incomplete. Plaintiff fails to list the name and address of his last employer or details of his last employment, and does not respond to the question regarding welfare aid. Moreover, despite specifically disclaiming any gift income in his *Application*, in his *Affidavit,* executed on the same day, Plaintiff lists receipt of $1,300 in "gifts." As such, the Application contradicts the Affidavit. Further, he disclaims any other source of money received during the last 12 months and makes no mention of receiving funds from a student loan disbursement in this time frame. Despite no stated source of income other than the $1,300 he alleges he received at Christmas ($300 of which was to reimburse a bus ticket), he claims to contribute $140 monthly to his son and daughter, and claims he pays other expenses. As with the Application, Plaintiff fails to show how he subsists with no source of income and these claimed expenditures.

As for assets, the Affidavit notes that Plaintiff's Van, which he claims to own and lists as an asset, is, in fact, registered in the name of Agent Approved LLC. This raises a legitimate question of ownership. Under Arizona law,[4] "[a] prima facie presumption of ownership arises from a certificate of title." *In re One 1983 Toyota Silver Four-Door Sedan, VIN No. JT2MX63E4D0004378*, 168 Ariz. 399, 402, 814 P.2d 356, 359 (Ct. App. 1991). More importantly, the Court takes judicial notice of the fact that the public records of Arizona list "Agent Approved LLC" as an active entity, and Mr. Henning as the sole listed member.[5] The Arizona Corporation Commission also lists Mr. Henning as the president and director of Equitable National Mortgage Corporation, an administratively

---

[4] Although Henning claims to be a citizen of Arizona, the Court makes no such finding, as citizenship is not shown on the instant filings. This representation is accepted solely for the purpose of this analysis.

[5] *See* http://ecorp.azcc.gov/Details/Corp?corpid=L12178520&type=L.L.C., accessed September 18, 2015.

dissolved corporation located at the same Arizona business address as Agent Approved, LLC.[6] It therefore appears that Mr. Henning has assets and business activities which he has not disclosed and which are pertinent to his professed status as a pauper. For this reasons, too, the Court finds the statements in the Affidavit to be misleading, and incomplete and therefore, "untrue."

> In order to preclude fraudulent or careless motions of poverty, the applicant moving for in forma pauperis status should state "with some particularity, definiteness and certainty" the facts as to his poverty. *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir.), *cert. denied*, 364 U.S. 896, 81 S.Ct. 227, 5 L.Ed.2d 190 (1960). Further, when the totality of the circumstances involved are weighed against the applicant's statement of poverty, and the result suggests incongruity, the Court may go beyond the mere statement of income and inquire into additional relevant matters including the applicant's earning capacity and ability.

*Deyer v. Jalet*, 349 F. Supp. 452, 459 (S.D. Tex. 1972) *aff'd*, 479 F.2d 1044 (5th Cir. 1973). *See also Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (" The purpose of [the statutory provision] is to 'weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth,'" *citing Matthews v. Gaither,* 902 F.2d 877, 881 (11th Cir.1990).).  As the statements made in the Application and Affidavit are demonstrably incomplete and incongruous, it is **respectfully recommended** that the motion be **denied.**   If this recommendation is accepted, and Plaintiff wishes to proceed with this action, he must either:

1) pay the filing fee within 30 days of any Order adopting this Report; or

2) file an Amended Motion to Proceed *In Forma Pauperis,* which shall include supporting documentation of:

---

[6]*See* http://ecorp.azcc.gov/Details/Corp?corpId=%2013511341

a) a full and complete listing of **all** sources of monies received by Plaintiff over the last 12 months, including amounts received as "gifts," loans, charity, or from any other source, including indirectly, from passive business interests;

b) a full and complete listing of **all** assets, which shall also include a listing of all businesses, partnerships, or entities in which Plaintiff claims an ownership interest, at any time over the past 12 months;

c) a full and complete listing of **all** fictitious names or aliases used by Plaintiff for business purposes, at any time in the past 12 months;

d) a copy of all tax returns filed by Plaintiff and copies of all tax returns filed by any business entity in which Plaintiff has or had an interest within the last 12 months, for calendar year 2014;[7] and

d) a complete explanation of all funds from any source expected to be received over the next three months **and** an explanation as to how Plaintiff subsists.

Upon the filing of any renewed motion, the Court will also conduct the required review of the Complaint, to ascertain whether it states a cognizable cause of action within the limited jurisdiction of this Court.

Should this recommendation be adopted and should Plaintiff fail to either timely pay the filing fee or file a fully supported Motion, it is **recommended** that the Complaint be **dismissed.**

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

---

[7]As this may contain sensitive information, leave is hereby given to file the tax returns **under seal**.

Recommended in Orlando, Florida on September 22, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy