UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BRYAN HENNING,**

      **Plaintiff,**

v.                                                          Case No:  6:15-cv-1518-Orl-41DAB

**JENNIFER WING, A. CLARKE, CITY
OF ORLANDO and JOHNSON'S
WRECKER SERVICE INC,**

      **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (the "Application," Doc. 2), which the Court construes as a motion to proceed *in forma pauperis*. United States Magistrate Judge David A. Baker submitted a Report and Recommendation (the "R&R," Doc. 3), which recommends that the Application be denied and that Plaintiff be required to either pay the filing fee or file a more comprehensive motion. Plaintiff objects to the recommendations. (*See* Objs., Doc. 4). As set forth below, the R&R will be adopted and confirmed, and Plaintiff's Objections will be overruled.

This action arises from Plaintiff's December 12, 2012 arrest. (Compl., Doc. 1, ¶¶ 10, 35). In conjunction with initiating this lawsuit, Plaintiff filed the Application and an Affidavit of Indigency (the "Affidavit," Doc. 2-1), both of which were signed under penalty of perjury. In the R&R, Judge Baker's recommendation of denial turns on several issues arising from review of the Complaint, the Application, and the Affidavit.[1]

---

[1] The objected-to portions of the R&R are reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

First, in the Application, Plaintiff purports to have received no monthly income from any source during the past twelve months and only claims to have $264.00 in cash and $234.22 in a checking account. Plaintiff, nevertheless, purports to pay $249.00 in monthly expenses, including $140.00 for "[a]limony, maintenance, and support paid to others." (Appl. at 1–2, 4–5). Those expenses simply cannot be supported by such minimal cash holdings and a complete lack of regular income, thereby calling into question the accuracy and veracity of the income-related allegations. Plaintiff attempts to explain the discrepancy by averring that he subsists on "almost no money."[2] (Objs. ¶ 26). Plaintiff also notes that, within the last twelve months, he received a gift in the amount of $1,300.00 and a student loan disbursement of $20,500.00. Nevertheless, neither of those sources of income were fully disclosed as such in the Application.[3]

Second, in the Complaint, Plaintiff values certain previously-seized assets—a "1993 Chev[ro]let [v]an, several guitars, cameras, lenses, laptop computers, audio equipment[,] [and] other . . . property"—at $4,000.00. (Compl. ¶ 112). Nevertheless, in the Application, Plaintiff lists only the following assets—a 1993 Chevrolet van worth $450.00; cameras worth $125.00; and guitars worth $125.00. (Appl. at 3). The latter disclosure calls into question the status of the assets that were listed in the Complaint but omitted from the Application; it also raises concerns about

---

[2] Plaintiff also attempts to advance a res judicata argument, based on being previously-granted pauper status in another case. As presented, that argument does not warrant discussion. *See Iberiabank v. Geisen* (*In re FFS Data, Inc.*), 776 F.3d 1299, 1306 (11th Cir. 2015) ("For res judicata to apply, (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a *final judgment on the merits*; (3) both cases must involve the *same parties* or their privies; and (4) both cases must involve the same cause of action." (emphasis added) (quotation omitted)).

[3] Plaintiff's attempt to argue that gifts and loans are not considered "income" in other contexts is a nonstarter, especially where the affidavit speaks broadly to "money received." Also frivolous is Plaintiff's attempt to self-deduct tuition and other expenses from his loan distribution, thereby avoiding disclosure of the gross amount. Whether the loan is to be disclosed is an entirely different question than whether, or to what extent, it should be considered.

the accuracy and veracity of the latter valuation. Plaintiff attempts to explain the discrepancies by noting that via wear-and-tear, as well as the passage of time, those items have depreciated significantly. Additionally, Plaintiff notes that he no longer owns some of the items.

Third, there are inconsistencies between the Application and the Affidavit. For example, the $1,300.00 gift is disclosed in the Affidavit but, as noted, is absent from the Application. Moreover, the student loan disbursement is discussed in passing in the Application, albeit not in the income section, but is absent from the Affidavit; the balance is, however, listed as an obligation in the Affidavit. The result of these discrepancies is that the accuracy and veracity of both documents is questionable.

Fourth, neither the Application nor the Affidavit list any business activity on the part of Plaintiff. However, Plaintiff is the sole member of Agent Approved LLC and was the president and director of Equitable National Mortgage Corporation, which is now dissolved. Such an omission calls into question Plaintiff's disclosure of assets, income, and employment.

In addition to the above, Plaintiff adamantly purports to be homeless. Yet, Plaintiff lists a mailing address, which does not appear to correspond to a post office box or other non-residential address.

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam). However, "[t]here is no question that proceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). Here, the various discrepancies between the Complaint, Application, and Affidavit preclude an informed inquiry into Plaintiff's status as a pauper. Thus, the Application will be denied. Plaintiff may proceed only by timely paying the

filing fee or by filing an amended motion in accordance with below. Should Plaintiff choose the latter option, then, in filing the amended motion, Plaintiff should remain acutely cognizant that Federal Rule of Civil Procedure 11(b) "forbids lying in pleadings, motions, and other papers filed with the court," *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006),[4] and that an ultimate determination that "the allegation of poverty is untrue" will result in dismissal, 28 U.S.C. § 1915(e)(2)(A); *see also Camp*, 798 F.2d at 438 n.3 (noting that the purpose of the dismissal requirement is to weed out non-qualifying litigants).

Moreover, in future filings, Plaintiff should take note that the Court has little patience for the invective-type rhetoric that pervades Plaintiff's Objections. Indeed, Plaintiff correctly notes that having to undertake the present inquiry is "a waste of resources of this court and [Plaintiff]," (Objs. ¶ 33); Plaintiff, however, fails to note that he is to blame for the present dilemma.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 3) is **ADOPTED** and **CONFIRMED** and made a part of this Order;

2. Plaintiff's Objections (Doc. 4) are **OVERRULED**.

3. The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), construed as a motion, is **DENIED without prejudice**.

It is **FURTHER ORDERED** that, on or before **November 30, 2015**, Plaintiff shall either:

1. Pay the filing fee in full; or

---

[4] The Court remains mindful that the previously-noted issues approach purposeful impropriety. Rather than order Plaintiff to show cause under Rule 11(c)(3), Plaintiff will have the opportunity to demonstrate "why . . . [he] has not violated Rule 11(b)" via a satisfactory filing of an Amended Motion to Proceed *In Forma Pauperis*.

2. File an Amended Motion to Proceed *In Forma Pauperis*, which shall include disclosure and supporting documentation of the following:

   a. a full and complete list of all sources of monies received by Plaintiff over the last twelve months, including amounts received as gifts, loans, charity, or from any other source, including indirectly, from passive business interests;

   b. a full and complete list of all assets, which shall also include a list of all businesses, partnerships, or entities in which Plaintiff claims or has claimed an ownership interest at any time over the past twelve months;

   c. a full and complete list of all fictitious names or aliases used by Plaintiff for business purposes, at any time over the past twelve months;

   d. a copy of all tax returns filed by Plaintiff and copies of all tax returns filed by any business entity in which Plaintiff has or had an interest within the last twelve months, for calendar year 2014[5]; and

   e. a complete explanation of all funds from any source expected to be received over the next three months and an explanation as to how Plaintiff subsists.

The failure to comply with any of the above may result in sanctions, including dismissal or monetary sanctions, or both.

---

[5] Judge Baker granted Plaintiff leave to file the returns under seal. (R&R at 7 n.7).

**DONE** and **ORDERED** in Orlando, Florida on November 12, 2015.



Copies furnished to:

Unrepresented Party