# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**BRYAN HENNING,**

      **Plaintiff,**

**-vs-**                                                                     **Case No. 6:15-cv-1518-Orl-DAB**

**OFFICER JENNIFER WING, OFFICER A.
CLARKE, CITY OF ORLANDO, AND
JOHNSON'S WRECKER SERVICE, INC.,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 6)**
>
> **FILED:**      **December 15, 2015**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

*History of Proceedings*

This suit is one of seven brought by this Plaintiff,[1] a 42 year old law student appearing *pro se*, against several law enforcement officers and other defendants, all relating to, as Plaintiff described at hearing, alleged "constant harassment." The Court denied an earlier motion to appear as a pauper (*See* Docs. 3 and 5), finding that the Application contained numerous inconsistencies and omissions

---

[1] *See Henning v. Bennet,* 6:15-cv-00881-JA-KRS*; Henning v. McDonald's Corporation et al.,* 6:15-cv-00830-ACC-DAB*; Henning v. Day, et al;* 6:15-cv-927-PGB-DAB*; Henning v. Wing, et al.,* 6:15-cv-1518-CEM-DAB*; Henning v. Harrel et al.,*6:15-cv-01520-PGB-KRS*; Henning v. Wing, et al,* 6:15-cv-1518-41DAB*; and Henning v. Realin et al.,* 6:15-cv-1519-PGB-KRS.

sufficient to determine that the Application's allegations of poverty were "untrue," within the meaning of 28 U.S.C. § 1915(e)(2) (1996) (formerly § 1915(d)). The instant motion followed.

In view of the discrepancies in the papers outlined in prior Report, the undersigned held an evidentiary hearing and the Plaintiff appeared. Based on the evidence and the authorities cited herein, it is **respectfully recommended** that the motion be **denied,** to the extent Plaintiff seeks to proceed without any payment of costs, but **granted, in part,** to allow Plaintiff to pay the filing fee in installments.

### *I. Standards of Law*

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Initially, the Court must evaluate the Application to determine if Plaintiff is, indeed, a pauper.

A litigant need not be absolutely destitute to qualify for indigence status under § 1915. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation. Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents. *Martinez,* 364 F. 3d at 1307 (*citing Adkins*, 335 U.S. at 339, 69 S.Ct. at 89). That said, the applicable statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue: or

-2-

>    (B) the action or appeal –
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (1996) (formerly § 1915(d)).

Even if Plaintiff is indigent, a Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

In order to survive dismissal, a Plaintiff must plead facts sufficient to show that his claim has substantive plausibility. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds

and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

Thus, to be entitled to proceed *in forma pauperis,* a plaintiff must show that he is, in fact, a pauper and that he has stated a nonfrivolous claim that meets the standard of plausibility and falls within the jurisdiction of the Court.

### *II. Analysis*

A trial court has "wide discretion" in denying an application to proceed as a pauper under 28 U.S.C. § 1915. "This is especially true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly." *Martinez*, 364 F.3d at 1306, *quoting Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975). While the undersigned concludes that the instant complaint, liberally construed, sets forth a facially plausible claim (for present purposes), it nevertheless recommends denial of the application.

As noted in prior Report (which is incorporated herein), Plaintiff's initial allegations regarding his financial situation were inconsistent and incomplete, and thus "untrue" under the statute. The Court ordered additional evidence and a more complete showing, because "when the totality of the circumstances involved are weighed against the applicant's statement of poverty, and the result suggests incongruity, the Court may go beyond the mere statement of income *and inquire into additional relevant matters including the applicant's earning capacity and ability*." *Deyer v. Jalet*, 349 F. Supp. 452, 459 (S.D. Tex. 1972) *aff'd*, 479 F.2d 1044 (5th Cir. 1973) (emphasis added). In his papers and at hearing, Plaintiff continues to present an inconsistent and unbelievable account of his situation.

Plaintiff states that he formerly worked in the mortgage business but is now a law student who has not worked in any capacity since 2011, although he acknowledges that he "uses the stage and screen names of Bryan Lightningrod, Mickey Guns and Klumix Records, on youtube.com and various

-4-

...

other websites," and that he is the 100% owner of Agent Approved LLC (although that entity has ceased operating or conducting business "for the time being.")  He advises that has "no income" but manages to purchase computer and camera equipment for his "hobbies" and to pay court ordered child support for two children.  He claims he is "homeless" but he also "contracted" with the owner of a home in Arizona and has a "limited lease of the residence" for "purposes of domicile." Although he acknowledged that he is not an attorney or otherwise associated with any legal services provider, he uses the email address of  "citywidelegalservice@gmail.com."

Plaintiff claims that he "owns an old substantially worthless van," but in other papers, he claims that the van is owned by Agent Approved LLC.[2]  Plaintiff alleges in his Complaint that he has suffered damages "with the Florida Bar because he was required to report the incident to his law school and to the Florida Bar as part of the application process, which will detrimentally impact his ability to become licensed as an attorney . . ." (Doc. 1, ¶ 52) and, in Case No. 15cv830, he alleges that he is an applicant for the Florida Bar and "substantial legal defense expenses will be incurred for a Florida bar hearing on character and fitness . . ."  At hearing, however, Plaintiff stated, under oath, that he was *not* planning on pursuing an application to the Florida Bar and that he did not have funds to pay application fees for *any* bar.

Despite disclaiming any income, Mr. Henning acknowledges that he receives thousands of dollars as a student loan residual and "gifts" from family members. His application shows that he has "various defaulted credit card" debts (in the amount of $20,000) and $93,980.00 in student loan debt, incurred while, in his words, he "has pursued the nomadic freeganist lifestyle." He testified at hearing that he likely will have no ability to pay any cost judgment that might be entered against him in any of the several cases he has filed.

---

[2]Moreover, in the instant Complaint, Plaintiff values the van and its contents at $4,000.

Incorrectly citing as "binding precedent," *Lane v. Fort Walton Beach Housing Authority,* 518 Fed. Appx. 904 (11th Cir. 2013), Plaintiff contends that he is unable to pay the filing fees and still be able to provide for himself and his dependents, and this "should be quite clear to any reasonable person that is fair and impartial." In view of the above and the other contradictions set forth in earlier Report, the undersigned is not persuaded.

"There is no question that proceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (internal citations omitted). Further, "authority exists supporting the consideration of a litigant's earning capacity and ability in the in forma pauperis inquiry." *Daker v. Ferrero*, No. 1:03-CV-02481-RWS, 2006 WL 346440 (N.D. Ga. Feb.27, 2006), *citing Martinez v. Detroit Edison Co.*, 113 F.3d 1235, 1997 WL 225509, at *1 (6th Cir.1997) (unpublished table decision); *In re Fromal*, 151 B.R. 733, 734–35 (E.D. Va.1993); *Roberts v. I–T–E Circuit Breaker Co.*, 316 F.Supp. 133, 134 (D. Minn.1970).

Here, there is no doubt that Plaintiff's self-imposed "freeganist" lifestyle is the result of a personal choice and is not an accurate reflection of his earning capacity. While the Court does not take issue with his right to live his life as he sees fit (within the bounds of the law), to the extent he seeks to impose the consequences of his lifestyle choices on the public fisc (and, perhaps, on Defendants) he is subject to the same rules as other litigants. Mr. Henning's nineteen years of schooling and business background, coupled with his demonstrated ability to obtain money when he needs to or wants to (to pursue his hobbies and pay court ordered support for his two children, for example) establishes that he is capable of paying a filing fee, albeit perhaps in installments. The *Lane*

opinion, which is unpublished and not binding precedent,[3] is not to the contrary.[4] *See also Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) ("The purpose of [the statutory provision] is to 'weed out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth,'" *citing Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir.1990).). The undersigned **recommends** that Plaintiff be directed to pay $75 each month towards the filing fee, until it is paid in full. *See* Local Rule 4.07(a). Upon final payment of the filing fee, the Clerk may issue the summons, if tendered by Plaintiff in proper form.

*Cost Bond*

The undersigned is additionally troubled by Mr. Henning's statements at hearing regarding his likely inability to pay any costs which may be assessed against him. "Even in the absence of a local rule . . . , a district court has inherent power to require security for costs when warranted by the circumstances of the case." *Ehm v. Amtrak Bd. of Directors*, 780 F.2d 516, 517 (5th Cir. 1986) (affirming requirement of bond in case involving "a veteran pro se litigator who has filed numerous

---

[3]*See* Eleventh Circuit Rule 36-2 (Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority).

[4]The *Lane* panel set forth the applicable standard:
When considering a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirements of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir.1976).[] "An affidavit addressing the statutory language should be accepted by the court, *absent a serious misrepresentation*, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir.2004) (*quoting Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40, 69 S.Ct. 85, 88-89, 93 L.Ed. 43 (1948)). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id. (citing Adkins*, 335 U.S. at 339, 69 S.Ct. at 89).

*Lane,* 518 F. App'x at 915 (emphasis added). Here, of course, the applications reflect numerous serious misrepresentations. Further, the Lane court observed that "[t]he district court has wide discretion in ruling on an application for in forma pauperis status, but it cannot act arbitrarily or deny the application on erroneous grounds." *Id.,*n. 11. Finding that the Lanes' "statement of their limited income has not been challenged," the appellate court reversed the denial of the IFP motion, noting that the "the district court's consideration of these bills as reflecting only 'monthly telephone' and 'monthly utility' expenses is erroneous." 518 F. App'x at 915-916. Here, the representations are being challenged and the facts deemed persuasive in *Lane* are not present.

lawsuits, many of which have been repetitious or of doubtful legal merit."). *See also Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1335 (11th Cir. 2002) ("The court was correct in recognizing that in addition to enjoying broad discretion to manage litigation before them, federal courts possess the inherent power to require the posting of cost bonds . . ."); *Gay v. Chandra*, 682 F.3d 590, 594 (7th Cir. 2012)("The district court correctly reasoned that its authority to award costs to a prevailing party implies a power to require the posting of a bond reasonably calculated to cover those costs, even though no statute or rule expressly authorizes such an order" – collecting cases). As Judge Posner has observed:

> No statute or rule, or decision of this circuit, expressly authorizes a court to require the posting of a bond to secure the payment of costs to a party should he prevail in the case. Nonetheless it seems to us, as it has seemed to the other courts that have addressed the question, that the power to tax costs implies the ancillary power to take reasonable measures to ensure that the costs will be paid. *Ehm v. Amtrak Board of Directors*, 780 F.2d 516 (5th Cir.1986) (per curiam); *Hawes v. Club Ecuestre El Comandante*, 535 F.2d 140, 143 (1st Cir.1976); *A. & M. Gregos, Inc. v. Robertory*, 70 F.R.D. 321 (E.D.Pa.1976); *State Wide Enterprises, Inc. v. United States Gypsum Co.*, 238 F.Supp. 604 (E.D.Mich.1965). So if there is reason to believe that the prevailing party will find it difficult to collect its costs, the court can require the posting of a suitable bond. The apparently frivolous character of this litigation and the fact that the plaintiff is an unrepresented individual made the defendants' motion for the posting of such a bond at least a plausible one; and the plaintiff failed to establish to the reasonable satisfaction of the district court either that he has the wherewithal to pay costs should he lose on the merits and that in fact he would pay, or that $10,000 is an unreasonable estimate of the costs likely in a lawsuit of this character.

*Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 (7th Cir. 1993).

In light of the inconsistencies and outright contradictions in Plaintiff's representations[5], he is on notice that he may be subject to a requirement that he prepay or post a bond for costs once issue is joined in the action.

---

[5]In addition to matters noted above, for example, part of Plaintiff's damages claim is the alleged damage to his Florida bar application resulting from the alleged trespass warning detentions. At hearing, however, Plaintiff acknowledged that he is not pursuing that bar application. Further, Plaintiff seeks damages for the alleged impounding of "his" van. As noted in this applications, however, the van is not owned by him but by an entity. Plaintiff has no standing to prosecute the claims of an entity *pro se.*

-8-

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on January 29, 2016.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy